# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS L. RUSH, | ) | CASE NO. 5:23-cv-1842 |
| | ) | |
| | ) | JUDGE SARA LIOI |
| PLAINTIFF, | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| STOW MUNICIPAL COURT, *et al.*, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Thomas L. Rush ("Rush") has filed this civil rights action under 42 U.S.C. § 1983 against the Stow Municipal Court and other Defendants in connection with misdemeanor criminal charges brought against him in Stow Municipal Court. (Doc. Nos. 1 (Complaint), 1-1 (Letters and Stow Municipal Court Complaint).) He has also filed a motion to proceed *in forma pauperis*. (Doc. No. 2.)

## I. BACKGROUND

In *State of Ohio v. Rush*, 23 CRB 02762 (Stow Mun Ct.), Rush has been charged and arraigned on misdemeanor charges of assaulting a nonverbal and wheelchair-bound disabled individual. According to the public docket, his case is set for trial in February 2024.

In his present pleading, labeled as a "Petition for Writs of Mandamus and Prohibition," Rush contends his federal civil rights have been violated in connection with his prosecution in the state case. He asks this Court "to end [his] prosecution" and "to have respondents withdraw an arrest warrant issued seeking [his] detainment." (Doc. No. 1, at 1.)

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), federal courts still must examine their own jurisdiction in all cases before them. *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006). If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.  DISCUSSION

Upon review, the Court finds that Rush's complaint must be dismissed. Under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 91 (1971), principles of federalism dictate that constitutional claims raised in connection with a pending state proceeding should be raised and decided in the state court without interference by federal courts. *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987). Under *Younger*, absent extraordinary circumstances, a federal court must abstain from exercising jurisdiction in a case where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).

The Court finds that all three factors warranting *Younger* abstention are present. The criminal case that is the subject of Rush's complaint is currently pending in Stow Municipal Court. That case implicates important state interests. *See Younger*, 401 U.S. at 43–45 (explaining that state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere). And there is no evidence that Rush is unable to raise constitutional claims or concerns he has in the context of the pending state proceeding. Regarding this factor,

federal courts must presume that state courts are able to protect the federal concerns of a plaintiff. *Kelm*, 44 F.3d at 420 (citing *Pennzoil Co.*, 481 U.S. at 1). Finally, the Court does not find extraordinary circumstances present.[1]

Therefore, Rush should raise his federal concerns in his pending state proceeding and, if necessary, in a subsequent appeal should he be convicted in Stow Municipal Court. This Court will not interfere with the pending state case.

## IV. CONCLUSION

Accordingly, Rush's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is dismissed without prejudice for lack of subject-matter jurisdiction pursuant to the *Younger* abstention doctrine. *See Watts v. Burkhart*, 854 F.2d 839, 844 (6th Cir. 1988) ("*Younger* established the principle that in cases seeking to enjoin ongoing state criminal proceedings, federal courts should not exercise jurisdiction but instead should dismiss the cases in their entirety."). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 2, 2024

_____
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Extraordinary circumstances barring abstention include such things as bad faith, harassment, or flagrant unconstitutionality. *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

3